**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Case No. |
| Plaintiff, | **COMPLAINT** |
| | **DEMAND FOR JURY TRIAL** |
| v. | **INJUNCTIVE RELIEF SOUGHT** |
| RED ROYAL ELECTRIC, INC. | |
| Defendant. | |

**NATURE OF ACTION**

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, as amended by the Americans with Disabilities Amendments Act of 2008 ("ADAAA"), Pub. L. No. 110-325, 122 Stat 3553 (2008) (codified as amended in scattered sections of 42 U.S.C.), and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Party. As alleged in greater detail below, Plaintiff the United States Equal Employment Opportunity Commission ('EEOC") alleges that Defendant Red Royal Electric, Inc., ("Red Royal") discriminated against Charging Party by failing to hire him because of his disability and failing to provide a reasonable accommodation in violation of the ADA.

1

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to §107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.      A substantial part of the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §1391(b).

## PARTIES

3.      The EEOC is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. 12117(a), which incorporates by reference 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Red Royal has continuously been doing business in the State of Florida and has continuously had at least fifteen (15) employees.

5.      At all relevant times, Red Royal has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 101(5)

2

and 101(7) of the ADA, 42 U.S.C. § 12111(5), (7), which incorporates by reference Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. 2000e-1(b), (g) and (h).

6.     At all relevant times, Red Royal has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

7.     Red Royal is incorporated in Florida with its principal place of business in Florida.

8.     Charging Party applied for employment at Red Royal.

## CONDITIONS PRECEDENT

9.     More than thirty days prior to the institution of this lawsuit, Charging Party filed a charge of discrimination with the EEOC alleging, among other things, that Red Royal violated the ADA.

10.    On July 1, 2025, the EEOC issued a Letter of Determination to Red Royal finding reasonable cause to believe that Red Royal discriminated against Charging Party in violation of the ADA.

11.    Prior to initiating this lawsuit, the EEOC attempted to conciliate with Red Royal to eliminate the unlawful employment practices alleged herein and provide appropriate relief.

12.    By letter dated August 20, 2025, the EEOC issued a Notice of Failure of Conciliation advising Red Royal that the EEOC was unable to secure from Red Royal a conciliation agreement acceptable to the EEOC.

13.   All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

14.   Red Royal provides residential electric services to residents of Pinellas, Hillsborough, and Pasco counties.

15.   Charging Party is an individual with Attention Deficit Hyperactivity Disorder (ADHD).

16.   Charging Party has taken medication to help manage the symptoms of his ADHD for over ten years.

17.   When not taking medication, Charging Party has trouble with focus, attention, communication, learning, thinking, and concentrating.

18.   Charging Party has an associate's degree in electrical construction.

19.   Charging Party has work experience as an Electrician Assistant and Electrician Apprentice.

20.   On or about January 8, 2025, Charging Party applied for an Apprentice Electrician position with Red Royal.

21.   Charging Party applied for the position by submitting his application to a posting by Red Royal on the Indeed website.

22.   Charging Party attached a resume to his application that listed his address in Clearwater, Florida.

23. On or about January 10, 2025, Charging Party received a message from a representative of Red Royal through the messaging feature on Indeed.

24. Red Royal's representative messaged Charging Party and asked if he was available for a preliminary phone interview.

25. Charging Party and Red Royal's representative proceeded to have a short phone interview on January 10, 2025.

26. During the phone interview, the representative asked Charging Party if he could pass a drug test. Charging Party indicated that the test would come back positive because he was on prescription medication for his ADHD, but that if he could provide a copy of his prescription, he would be able to pass the test.

27. Charging Party also disclosed during the interview that he had recent hip surgery and was not cleared to return to work but expected to be cleared at his next doctor's appointment within a week or two.

28. Immediately following the interview, Charging Party received a message from the Red Royal representative through the Indeed messaging portal that stated: "Not a good match. On ADHD meds, recent hip surgery, etc."

29. This message was the only information Charging Party received about why he was not hired.

30. Red Royal did not request that Charging Party take a drug test as part of the hiring process.

31. Red Royal did not engage in the interactive process to determine how Charging Party could pass the drug test.

32. Charging Party was prepared to provide a copy of his prescription to pass a drug test.

## STATEMENT OF CLAIMS

### Count I: Failure to Hire in Violation of the ADA

33. Paragraphs 14 through 32 are incorporated by reference as if fully set forth herein.

34. Charging Party has a disability as defined by 42 U.S.C. §12102(1).

35. Charging Party's ADHD limits the major life activities of learning, focusing, concentrating, thinking, and communicating.

36. Charging Party was qualified for an Apprentice Electrician position with Red Royal.

37. Charging Party could perform the essential functions of the Apprentice Electrician position with or without an accommodation.

38. Red Royal discriminated against Charging Party by refusing to hire him because of his disability.

39. Charging Party suffered damages because of Red Royal's discriminatory actions.

40. The unlawful practices complained of in paragraphs 14 through 39

were intentional.

41.    Red Royal acted with malice and/or reckless indifference to Charging Party's federally protected rights when it engaged in the unlawful employment practices complained of in paragraphs 14 through 39.

### Count II: Failure to Provide Reasonable Accommodations in Violation of the ADA

42.    Paragraphs 14 through 32 are incorporated by reference as if fully set forth herein.

43.    Charging Party's ADHD limits the major life activities of learning, focusing, concentrating, thinking, and communicating.

44.    Charging Party was qualified for an Apprentice Electrician position with Red Royal.

45.    Charging Party could perform the essential functions of the position with or without an accommodation.

46.    Red Royal discriminated against Charging Party in violation of 42 U.S.C. 12112(b)(5)(A) by not providing a reasonable accommodation.

47.    Charging Party requested the accommodation of being permitted to provide his prescription to pass the drug test.

48.    Red Royal did not allow Charging Party to take the drug test or provide a copy of his prescription.

49.    Charging Party suffered damages because of Red Royal's

7

discriminatory actions.

50.     The unlawful practices complained of in paragraphs 14 through 32 and 42 through 48 were intentional.

51.     Red Royal acted with malice and/or reckless indifference to Charging Party's federally protected rights when it engaged in the unlawful employment practices complained of in paragraphs 14 through 32 and 42 through 48.

## **PRAYER FOR RELIEF**

Wherefore, the EEOC respectfully requests that this Court:

A.     Declare that Red Royal violated the ADA by refusing to hire Charging Party because of his disability;

B.     Declare that Red Royal violated the ADA by refusing to provide Charging Party with a reasonable accommodation;

C.     Grant a permanent injunction enjoining Red Royal, its officers, agents, servants, employees, subsidiaries, attorneys, and all persons acting in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability;

D.     Order Red Royal to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present

8

unlawful employment practices;

E.    Order Red Royal to institute a training program for all human resources personnel and supervisory employees to ensure compliance with federal laws and company policies on non-discrimination;

F.    Order Red Royal to make Charging Party whole by providing back pay with prejudgment interest, in amounts to be determined at trial, and all other affirmative relief necessary to eradicate the effects of these unlawful employment practices;

G.    Order Red Royal to make Charging Party whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of above, in amounts to be determined at trial;

H.    Order Red Royal to make whole Charging Party by providing for past and future nonpecuniary losses resulting from the unlawful practices complained above, including, but not limited to, emotional and/or physical pain, suffering and mental anguish, humiliation, loss of enjoyment oof life, and the like, in amounts to be determined at trial;

I.    Order Red Royal to pay Charging Party punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial;

J.    Grant such further relief as the Court deems necessary and proper in

the public interest; and

K.    Award the EEOC its costs of this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its complaint.

Date: April 30, 2026                                       Respectfully submitted,

                                       **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

                                       CATHERINE L. ESCHBACH
                                       Acting General Counsel
                                       CHRISTOPHER LAGE
                                       Deputy General Counsel
                                       U.S. EQUAL EMPLOYMENT
                                       OPPORTUNITY COMMISSION
                                       131 M Street, N.E.
                                       Washington, DC 20507

                                       KRISTEN M. FOSLID
                                       Regional Attorney
                                       Florida Bar No. 0688681
                                       Kristen.Foslid@eeoc.gov
                                       100 S.E. 2nd Street, Suite 1500
                                       Miami, Florida 33131
                                       T: (786)648-5835
                                       F: (305) 808-1835

                                       *Counsel for Plaintiff*, EEOC

10